

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 14, 1964

Lt. Col. Harry B. Kelton
Texas National Guard Armory ~~Guard~~
West Austin Station
Austin 31, Texas

Opinion No. C-242

Re: Whether property in the cus-
tody of the Adjutant General
is required to be transferred
by the Adjutant General to the
Texas National Guard Armory Board

Dear Colonel Kelton:                under the facts submitted.

    Your request for an opinion reads as follows:

    "The Texas National Guard Armory Board
has constructed a National Guard armory at
Camp Wolters and an administrative building
at Camp Mabry and contemplates the construc-
tion of one or more armories at Camp Mabry
in the near future; all such construction is
on sites provided by the Adjutant General of
Texas.

    "The armory constructed at Camp Wolters
and the ones to be constructed at Camp Mabry
are financed out of funds derived from the
sale of bonds under the Armory Board's Trust
Indenture and are leased or to be leased to
the Adjutant General pursuant to Article 5786,
V.C.S.

    "The administrative building at Camp Mabry
was constructed from the proceeds of the sale of
an armory at Waco (formerly Grand Lodge Build-
ing) and is not the subject of any lease.

    " . . .

    "At the present time both the Armory Board
administrative building at Camp Mabry and the

-1170-

armory building at Camp Wolters are carried
on the Armory Board inventory whereas the
land remains on the State Property Inventory
as property of the Adjutant General's Depart-
ment.

"To enable us to properly comply with
the provisions of Article 5786, V.C.S. and
the provisions of the Armory Board Trust
Indenture, should the land and buildings at
Camp Wolters and Camp Mabry be formally
conveyed to the Armory Board?

"Should such property be formally con-
veyed to the Armory Board to comply with the
provisions of Article 6252-6, V.C.S.?"

Article 5790a, Vernon's Civil Statutes, reads as
follows:

"For and on behalf of the State of
Texas, the Adjutant General is authorized
to designate and transfer any of the State-
owned National Guard Camps and all land and
improvements, buildings, facilities and in-
stallations, and personal property in con-
nection therewith, or any part of the same,
except Camp Mabry, Austin, Texas, to the
Texas National Guard Armory Board, either
for the purpose of administration thereof
or for the purpose of sale or proper dis-
posal otherwise when designated by the
Adjutant General as 'surplus' or in excess
of the needs of the Texas National Guard,
its successors or components. The Adjutant
General is authorized prior to declaring
the above-described property as 'surplus'
and transferring same to the Texas National
Guard Armory Board, to remove, sever, dis-
mantle, or exchange any of said property
for the use and benefit of the Texas National
Guard or its successors." (Emphasis added)

These provisions were amended in 1963 by the Legislature
and are now codified as Section 5 of Article 5781, Vernon's
Civil Statutes, which reads as follows:

"For and on behalf of the State of Texas
the Adjutant General is authorized to designate

and transfer any of the state-owned National
Guard camps and all land and improvements,
buildings, facilities, and installations and
personal property in connection therewith,
or any part of the same, to the Texas National
Guard Armory Board, either for the purpose of
administration thereof or for the purpose of
sale or proper disposal otherwise when desig-
nated by the Adjutant General as 'surplus' or
in excess of the needs of the Texas National
Guard, its successors or components. The Ad-
jutant General is authorized prior to declar-
ing the above described property as 'surplus'
and transferring same to the Texas National
Guard Armory Board, to remove, sever, dismantle,
or exchange any of said property for the use
and benefit of the Texas National Guard or its
successors."

It is noted that the exception applicable to Camp Mabry was
not carried forward in the 1963 amendment.

Section 4 of Article 5781, Vernon's Civil Statutes,
provides:

"The Adjutant General shall be in control
of the military department of this state and
subordinate only to the Governor in matters
pertaining to said Department, or the military
forces of this state; and he shall perform
such duties as the Governor may from time to
time entrust to him relative to the military
commissions, the military forces, the military
stores and supplies, or to other matters re-
specting military affairs of this state; and
he shall conduct the business of the Department
in such manner as the Governor shall direct. He
shall have the custody and charge of all books,
records, papers, furniture, fixtures, and other
property relating to his Department, and shall
perform as near as practicable, such duties as
pertain to the Chiefs of Staff of the Army and
Air Force and the Secretaries of the military
services, under the regulations and customs of
the United States Armed Forces.

"For and on behalf of the State of Texas,
the Adjutant General is authorized to execute

leases or subleases between the State of
Texas, as lessee or sublessee, and the
Texas National Guard Armory Board, as les-
sor or sublessor, for any building or build-
ings and the equipment therein and the site
or sites therefor to be used for armory and
other proper purposes, and to renew such
leases or subleases from time to time; and
the Adjutant General shall not lease or sub-
lease any property for armory purposes in or
about any municipality from any person other
than the Texas National Guard Armory Board, so
long as adequate facilities for such armory pur-
poses in or about such municipality are available
for renting from the Texas National Guard Armory
Board."

The powers of the Texas National Guard are stated
in Section 7 of Article 5786, Vernon's Civil Statutes.
Paragraph (7) of subdivision (b) of Section 7 of Article
5786 grants the following powers to the Texas National
Guard Armory Board:

"To construct buildings on any of its real
property, whether held in fee simple or other-
wise, and to furnish and equip the same and to
hold, manage and maintain all of said property
and to lease to the State of Texas in the same
manner as hereinafter provided with respect to
other property, the buildings, and the sites
thereon situated, which it may construct at
Camp Mabry, Camp Hulen and Camp Wolters, and
to lease and sublease, convey and exchange, in
whole or in part, all of its property not lo-
cated in either of said camps, and/or to pledge
the rents, issues and profits of all of said
property, wherever located, in whole or in part;
provided, however, that before any building is
constructed by said Board on the lands compris-
ing either of said camps, the site therefor, in
maximum area two hundred thousand (200,000)
square feet, shall, promptly on said Board's
request therefor to the said Adjutant General,
be selected and described by a Board of Officers
appointed from time to time for the purpose by
the said Adjutant General, and such description
shall be certified to said Armory Board and a
copy thereof shall be furnished to and preserved
in the office of said Adjutant General; and

provided further, that when so selected
and described and constructed upon, such
sites shall be and become the property of
the said Armory Board, for all the pur-
poses contemplated by the Act of which
this Section is a part, as fully and ab-
solutely as if the same had been acquired
by a gift to or purchase by said Armory
Board.

"All such property, together with the
rents, issues and profits thereof shall be
exempt from taxation by the State of Texas
or by any municipal corporation, county or
other political subdivision or taxing district
of this state."

In view of the foregoing, you are advised that such
sites become property of the Armory Board as a matter of law,
when selected in accordance with the provisions of paragraph
(7) of subdivision (b) of Section 7 of Article 5786, and
constructed upon. Therefore, it is not necessary that such
property be formally conveyed to the Armory Board.

## SUMMARY

Where armories are constructed on sites
at Camp Mabry, Camp Hulen and Camp Wolters,
pursuant to the provisions of paragraph (7)
of subdivision (b) of Section 7 of Article
5786, Vernon's Civil Statutes, such property
becomes the property of the Armory Board as
a matter of law, and no formal conveyance by
the Adjutant General is required.

Yours very truly,

WAGGONER CARR
Attorney General

By *John Reeves*

John Reeves
Assistant

JR:ms:sj

Lt. Col. Harry B. Kelton, page 6 (C-242)

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
George Gray
Milton Richardson
Arthur Sandlin

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone